We'll call the next case then. 17-2669 Sheila Ryan v. Zoning Board of Appeals of the City of Chicago at all. Will both attorneys that are going to present our units step up and identify yourselves for the record. David Ruskin and Sheila Ryan. Mr. Ruskin. Why don't you step up and that way we can hear your names. The microphone is a little helpful. Good morning. David Ruskin, RUSKIN, on behalf of the plaintiff appellant Sheila Ryan. Carrie Walsh, appearing on behalf of defendant appellee Laura Shield. Walsh, did you say? Walsh, W-A-L-S-H. All right. Thank you. All right. Each side will have about 15 minutes for argument. And from that, Mr. Ruskin, you may save out some time for your argument. Thank you. May it please the court, my name is David Ruskin. I represent the plaintiff appellant in this matter, Sheila Ryan. This comes to you on a dismissal of Ms. Ryan's administrative appeal at the Circuit Court. That administrative appeal was dismissed by the Circuit Court based on a motion from one of the defendants, Laura Sheehan, and specifically the dismissal was based on a technical error in the format of the summons that was issued, which the court held a vestige of jurisdiction as a result of that technical error. Sheila Ryan, of course, now asks this court on appeal to reverse that dismissal and allow her to continue with the administrative appeal, which came from a decision out of the Chicago Zoning Board of Appeals. I have a question. Is she a necessary party in this case? She is. She's a necessary party because under the administrative review law, there's a provision that talks specifically about matters that come from the Chicago Zoning Board of Appeals, and some of the necessary parties include, of course, the Zoning Board, but then also any applicants. And Sheehan was made an applicant at the time of the hearing. She wasn't the original applicant, but she was made an applicant at the time of the hearing. There are several primary reasons why the circuit court's decision should be reversed. First, and I think most importantly, is a relatively recent, I'd say even more recent, not just relatively, is a recent enacted new provision of the Illinois Code of Civil Procedure. And I had filed a motion because the new provision under Section 2-201C was enacted in August, which followed the briefing in this case. That's Article 2. It actually doesn't really apply to administrative review acts, does it? Aren't there specific provisions regarding service of process, filing of complaints, and all of those under the Review Act have to be strictly construed? Yes, that is correct. But it does say that a court's jurisdiction is not affected by a technical error in the format of a summons. If the summons has been issued by the clerk, the person or entity to be served is identified as a defendant, and the summons is properly served. That's correct. And it goes on to say, one final sentence. Oh, it's declarative. It's declarative of existing law, which is really significant here because this isn't something new. This isn't a new point that's being made. It's declaring existing law, which frankly I think would have helped the circuit court judge in making her decision. I don't think she would have ruled the way she had had she had this guidance from the Code of Civil Procedure under 2-201. Well, and the language in Article III and the rules that apply for other actions under the Code of Civil Procedure sort of mirror each other, don't they? I mean, the language – you wouldn't be interpreting the language necessarily differently under either of those if the legislature has indicated that a court's jurisdiction is not affected by a technical error, which you're claiming is what we have here. That's right. No, I think that's exactly right. Now, of course, the Administrative Review Article III is different. It's a little quirky. It has some of its own rules, one of which is this 35-day rule that is the basis for Sheehan's argument that the summons was void and therefore we're done, we're out because 35 days has passed. I thought it was because her name wasn't on the face of the summons. Well, yes. I mean, specifically, her name wasn't in the caption of the summons. You're saying now the argument is that this case was dismissed because it wasn't filed within 30 days? Well, it's not my argument, but their argument is that because it was a void summons, in their opinion, because her name wasn't in the caption of the summons, therefore, once it's a void – even though – because, let's be clear, it was issued within the 35 days. Right. And she was served. But wasn't her name in the summons? Yes, absolutely it was in the summons, and that's why this 2201 is – I mean, isn't that basically what your argument is? It's supposed to be in the summons. It was in the summons. It just wasn't in the caption. Yes. Right. And now I have support in that argument, to that argument, from this newly enacted 2-201C, which says – I mean, it's almost as if it was written for this case, right? It says a court's jurisdiction – Well, it was rather convenient coming out at an appropriate time before the oral arguments were scheduled. I can't deny that, yes. No response was filed either, but we'll have to talk to Ms. Walsh about that, but go ahead. Yes. So my point was it's so – the 2201C is so clearly related – not related, but affects our case, because each of the three factors in the new subsection are met here. Is there any statute or law that says it has to be in the caption? There is a Supreme Court rule, 131C, which states that for summonses only, the names have to be in the caption. You can't use that at all. You can't use that at all, right. So – and that's the basis. But there's law that comes – there's a lot of laws. Mostly – I will say I think this is a case of first – The Administrative Review Act, which actually technically applies, says that the summons and what needs to be in it is governed by the Illinois Supreme Court rule you just cited. That's correct. All right. That's correct. But the case law says that as long as it appears – if it doesn't appear on the face of the summons, that's really when you're out. That's right. And one argument is, as Justice Gordon already said, is that her name appears, Laura Sheehan, in the certificate of mailing section, but on the summons, which is only a one-pager, it says defendant, and then it names all three of them, the Zoning Board of Appeals, Raymond DeGrazia, he was the builder, Laura Sheehan, and then it gives each of their addresses. That's right. And above it, there's a heading that says defendant. This is just for the record. It's C-29. It is one page, and I think you refer, Judge, to other cases that do state as long as it's on the face of the summons. Right. In our new law – In the rule, it doesn't say that if it's not in the caption, the case will be dismissed. No, it does not. No, of course not. And there are cases where the appellate court has held it should have been dismissed. So, you know, obviously there's room for interpretation there. And, in fact, this 2-201C has now given us guidance as to how we can interpret that, certainly with respect to technical errors on a summons. This is a technical error. You know, there are other – certainly other cases that – Well, what about the timing requirement? Is that a technical error? No. No, the timing is a must. That's very important. Now, there is some case law where if the timing isn't met and, let's say, the summons goes out on the 36th day, there's a good-faith exception that courts look to, and we argue that, too, as well. I thought at the time the good-faith exception was probably more important, more significant for us before this 2-201C came out. But there is still that exception so that – What was your good-faith, though? What's that? What was your good-faith? We issued within 35 days. Right, but you didn't follow the rule. You didn't follow the Supreme Court rule. But it's a technical error. Well, that's what I was asking. So is this a technical error? This is a technical error, and when you say this or when I say this, I'm referring to – Well, I'm talking about the timing issue. That's why I asked. Is the timing issue a technical error? We don't have a timing issue. So the timing is not an issue in our case. It's just the name that's not in the caption of the summons. It's on the face of the summons, not in the caption of the summons. That's our issue. There are other issues where – other cases where the name is in the summons or the caption, but it hasn't been issued within the 35 days. I'm not so sure that's as technical. I think that's a little more problematic. But that's not our issue. Now, it became our issue when the judge said – the circuit court judge said the court lost jurisdiction. But what we're asking you to do is to rule that the court did not lose jurisdiction, and therefore either – what I think should happen is the dismissal should be reversed. What the circuit court judge could have done is granted a dismissal but not dismissed the entire case. There is case law that states that this 35-day requirement is mandatory, not jurisdictional. That comes up in a number of cases. What would this dismissal look like? Well, yeah, it would be a little – I said earlier the administrative review law is a little quirky. It would be – I assume the judge would say I would ask for or leave the issue in an alias summons to Ms. Sheehan and serve her again, although it seems unnecessary in that she received the complaint and obviously retained counsel and filed the motion. So it's kind of a – I'm not sure it would be necessary, but it wouldn't make sense to just dismiss the entire – it doesn't make sense to dismiss the entire case, which is what she did. All right. The fact that she filed an appearance in this case, does that mean anything? Well, the attorney filed what he couched, I believe, as a special unlimited appearance. I don't think those exist anymore technically, but the court did hear him specifically on the motion to dismiss. And it was a jurisdictional motion. This was by mailing, wasn't it? Yes, yes. And there is a – there's no dispute that she was served. The green card was signed. And in fact, I will say I think it's important that while this occurred timely within the 35 days, the motion to dismiss wasn't raised until seven months later. And I think that's important because there are some equitable considerations here. Who's harmed more? And part of a good faith exception. And under the administrative – There's no case law that says that when she files it seven months later that she's out of the box. Of course not. And I'm not – that was not what I was suggesting. However, I think it's important that under the administrative review law, defendants such as Ms. Sheehan, who are not the actual administrative agency, aren't required to file an appearance or an answer. They can sit back and do nothing for as long as they want. In this case, we, Sheila Ryan and the Zoning Board of Appeals, thought that she was served properly. The other defendant, DeGrazia, was served. We prepared our briefs. We were ready for a hearing. And then we got this motion. We couldn't have moved to default her. And so I just – I think it's important. I don't think those are good arguments in this particular case. Well, it's – That because she filed the motion seven months later that that has any bearing whatsoever. The only bearing – the only reason I bring it up is because there should be a balancing of the equities. And dismissing the entire case at that stage of the proceedings between – really between Sheila Ryan and the Zoning Board would be improper. I mean, it just – the court shouldn't lose jurisdiction of the entire case. Well, jurisdiction really doesn't have anything to do with balancing the equities. I think you know that. Agreed. Agreed. Except there are cases. The Burns case from this court is a good example where – The case that I wrote. That's right. And you took – the decision takes us through a nice discussion about that it's mandatory and not jurisdictional under the Administrative Review Law that there is a good faith exception. There's some – you know, there's quotes – similar quotes we see in a lot of these cases that we shouldn't find hyper-technical excuses to – But the case before Burns that we relied on was a case where the clerk is the one that really messed up. Right. So anyway, all right. Well, you've pretty much stated your case. We're going to give you some time for rebuttal. Is there anything you want to add at this point? No, thank you. All right, Mr. Ruskin. Thank you. Now we'll hear from Ms. Walsh. Good morning again, Your Honors, and may it please the Court. Once again, I'm Carrie Walsh, and I'm representing Laura Sheehan in this appeal. I want to start with two points that Your Honors brought up during questioning of Mr. Ruskin. Number one, this is an issue regarding the mandatory requirements of the Administrative Review Law, and it is not a jurisdictional issue. And number two, as Your Honor so appropriately stated, Article 2 is not incorporated into Article 3 of the Illinois Civil Code. No, but don't both of the Supreme Court rule and the rules under the Code of Civil Procedure, don't they both say that other than the summons, the caption? In the summons, you do have to have a full caption. Correct. You can't have an et al., which is what occurred here, which is what occurred here, right? Correct. Okay. Yes, that's correct. And that's in the Illinois Supreme Court rules. And Article 3, which is our Administrative Review Law, specifically states that when a summons is issued within that 35-day window, which is a requirement that's not contained in the mirror sections of Article 2, when that summons is issued, it must comply with the Illinois Supreme Court rules. Full stop. There is no reference to complying with the other provisions of the Code of Civil Procedure, including Article 2. And it's also important to recognize that the new amendment also could have stated explicitly, this provision shall apply to administrative review cases under Article 3 of this Act. But it doesn't. But why would we interpret the Code of Civil Procedure differently from the Article 3 Administrative Review Law when we're talking about really the same kind of provision that basically says that on a summons, you have to have all the parties in the caption. Okay. And that's required under the Code of Civil Procedure and Article 3. So why should we think the legislature wants us to interpret the same kind of provision differently for the Administrative Review Law but not for cases falling under the Code of Civil Procedure? Sure. So the answer to your question, Your Honor, is actually contained in the Illinois Supreme Court decision in the City National Bank and Trust v. Illinois Property Tax Appeal Board. This is a 1982 case. It came out of the 2nd District. And they actually addressed the issue of the fact that Section 2-201, as it existed then in the revised statutes, was different from 3-103 and 3-105 of the Administrative Review Law. At that time, and there are numerous provisions today, the court recognized, the 2nd District recognized, and the Supreme Court affirmed that these provisions were written differently for a reason, and so they must be construed differently. What page is that? I'm looking at your opening. So that is City National Bank and Trust v. Illinois Property. Yeah, on page 20 of your opening brief. All right. Thank you. Right. So we have a full discussion by the 2nd District and an acceptance of the distinction drawn by the 2nd District from the subsequent appeals of Illinois Supreme Court that tells us that these provisions must be read differently. And the plain language of 2-201 gives us a reason to recognize that as well. So the opening of Section 2-201, Section A, actually states to us that it applies unless otherwise provided for explicitly by statute. And we have a mere statute in the Administrative Review Law, and that's Section 3-103. So Section 2-201 is already telling us on its face, it does not apply where it is superseded by another statute. Let me talk to you just, though, briefly about the policy behind not only cases under the Code of Civil Procedure, but more specifically under the Administrative Review Law. And hasn't our Illinois Supreme Court said that the rule of statutory construction in the context of specifically stricter service requirements imposed under the Administrative Review Law, we should still liberally construe an appeal so as to permit a case to be considered on its merits? That's correct. And we should not find hyper-technical excuses to avoid deciding the merits of disputes when no delay or harm was caused by the technical violation? Absolutely. You're reading from the case and you've read it properly, Judge. So, I mean, these are absolutely findings that the Court has made. However, we would argue today that, first of all, we are not talking about a hyper-technical defect. We are talking about not complying with Rule 131C, which requires the name of each defendant in the caption of the summons. Well, in this case, was your client served? There is a green card indicating that it is signed by Laura Sheehan. And so there's not an issue regarding whether she actually received the summons in the mail? That's correct. Okay. But we would also call the Court's attention to another decision by this very Court in the Central States Trucking case. Now, in that case, the defect that was present on the face of the summons was identical to what we're talking about here today. So the agency at issue was named as a defendant in the caption of the summons. No other defendants were named. In addition to that agency defendant, a second individual defendant was listed in the certificate of mailing, which is exactly where Laura Sheehan's name appears. But that was the second page, wasn't it? I don't actually know whether it was or it wasn't. Isn't there a case where the summons was, I'm sorry, the certificate of mailing was actually on the second page? I'm only referring to Arch Bay. Okay, Arch Bay. Yes. So I don't believe that we actually have the factual background in the Central States Trucking case to know whether the certificate of mailing was on the second page. But in Central States, the summons and the complaint named John Hummer and Hummer his what? Who is that person? Do you know what I'm saying? I think you're referring to a different case, Your Honor. In that case, we were talking about the agency and a Ms. Jackson. Oh, I'm sorry. I was talking about Goodkind. Yes. So in Central States Trucking, we have Ms. Jackson not being named as a defendant in the caption. We have her listed and designated as a defendant in the certificate of mailing, just as Ms. Sheehan was designated here. There was no dispute in that case that Ms. Jackson did, in fact, receive a summons. In Central States, there was no name of the defendant on the summons. So there was no name of the individual defendant in the caption or the summons. Correct. It was in the certificate of mailing, just as we have here. Well, no, I don't think that's actually correct. Because here, the face of the summons, well, let's talk about that. All the cases that say, you know, that if so long as the defendant's name appears on the face of the summons, then service has been effectuated. I actually would ask which case in particular you're referring to, Judge, because I'm not sure that that actually exists. Okay. Longstanding precedent, I think, indicates that a summons which does not name a person on its face and notify him to appear is no summons at all. Yes. Okay. And so the couple of cases that I can think of, the defects for lack of the name appearing on the summons was where there's no name at all. And in this case, the name of your client is actually on the face of the summons. We would actually say that it's, as it was recognized in the Central States trucking case, it's in the certificate of mailing. Now, as Your Honor pointed out, there are other cases where a certificate of mailing doesn't necessarily appear on the face. Would you agree that in this case her name appears on the face of the summons? It is on the same sheet of paper on the same side. Well, is it on the face or not? We would argue that the top half of that form labeled summons is the summons. The bottom half of the form labeled certificate of mailing is a certificate of mailing. They happen to appear on the same sheet, but they are not the same document. I'm going to interrupt. At the trial level, wasn't there an argument that because her name didn't appear on the caption, therefore the summons was void? Yes, Your Honor, and Arch Bay stood for that proposition. Justice McBride has just read a bit of the opinion from Arch Bay. And I think that it is true that the new section 2-201 may affect whether personal jurisdiction attaches as a result of naming someone on the face and not in the caption. But we're, again, not talking about a jurisdictional defect here. Our Supreme Court has told us repeatedly that issuing a valid summons within 35 days that complies with the Illinois Supreme Court rules is a mandatory requirement. So the jurisdictional function of the summons to notify the defendant of the litigation and give that defendant due process is completely separate and apart from the mandatory function that is particular to the Illinois Administrative Review Law. Well, isn't your argument it's mandatory and jurisdictional here? Well, I think that, first of all, there was some blending of the terms below, Your Honor. It either is or it isn't. I mean, I would think that we would have to find that it's a jurisdictional item and that it has to be in the caption because the Supreme Court rule says so. Isn't that what your argument is? Actually, no. What we're arguing is, so if I can give a quick hypothetical to answer your question, Judge. Well, okay. Do it your way. If it was simply a jurisdictional issue and this was a motion to quash, that there was no personal jurisdiction, the outcome of that motion, if granted at the trial court, would not have been dismissal of the case in its entirety. It would have been leave to issue an alias summons and to vacate all orders that might have been entered against the defendant without personal jurisdiction prior to that order granting the motion to quash. But here we don't have a simple motion to quash. We have a motion to dismiss because not only do we have, prior to our amendment, a jurisdictional issue regarding personal jurisdiction, we also have the mandatory issue, which is addressed in the central state's trunking case. The mandatory issue, the failure to issue that valid summons within 35 days according to the rules of the Illinois Supreme Court, is just that, mandatory. It must be done. If it's not done, that's how we get to dismissal of this case. We cannot get to dismissal of this case if that mandatory function has been served. So if we're only talking about a jurisdictional issue, we don't get to dismissal. We would only get to start back over, issue an alias summons. But that's not what happened here. So that tells us that we're working with the mandatory aspect of the summons and not the personal jurisdictional aspect. Aren't we really getting hyper-technical here? Because you're saying that it wasn't really on the face of the summons. But the summons, you know, it's in the record. The caption says, it says at all for the defendants. I think the zoning board is the main defendant. Yes. And then it says at all. Yes. Then that same page says to each defendant, you are summoned and required to file an answer in this case or otherwise file your appearance in the office of the clerk of the court located in room 801, Richard J. Daly Center, within 35 days after the date of their summons. So it says to each defendant. Yes. You are summoned. Okay. Then immediately, I mean immediately following this, and on the very same page it says on such and such a date, I sent by registered mail a copy of this summons to each defendant addressed as follows. And then it names three defendants, three addresses, and it's stamped by Dorothy Brown. So aren't we really getting hyper-technical now when you're saying it's really not part of the summons and yet it says summons to each defendant, you are summoned and required to appear. I mean, aren't we getting really kind of hyper-technical here? You're saying it's really not the summons, it's the certificate of mailing, but it's on the same page and it tells each defendant you're summoned to appear? I don't think it's a hyper-technicality, Judge, and the reason is that Rule 131C is not a new rule. The Illinois Supreme Court has had this rule on the books for a very long time. Sure, but isn't that the same rule under the Code of Civil Procedure? You can't have it at all in the caption either. You have to name the parties. We're talking about the very same rule, but you're saying the legislature didn't intend this hyper-technical interpretation for the Code of Civil Procedure, but they sure did for the administrative review law when we're talking about the exact same language. Except that the language that you're specifically referring to, Judge, the on the face of, appears in the new Section 2-201. So that language is being applied specifically to the Code of Civil Procedure and is not included anywhere. No, on the face of isn't. That's just case law. It says if you don't have the defendant's name on the face of the summons, then you have no service at all. So to the contrary, if the defendant's name appears on the summons, then you do have service. Well, I think there's also a distinction being made between, as this Court is I'm sure aware of, the format of the summons for any other type of common law claimant, the summons that we're working with in this particular case. There is not usually a section at the bottom where each defendant is listed. This is a particular form for a particular type of case, right? So when courts are interpreting another type of summons and saying it needs to appear on the face, they are talking about in the caption of the summons because that is where the defendants are designated on the face of a typical summons form. So we're dealing with a particular form that happens to include a separate document, a certificate of mailing, on the same sheet. And in central states trucking... We don't have that here. We've got just one old page. We've got a caption, and we've got you are summoned to appear. To each defendant, you're summoned to appear, and then it names each one with their address, and then Dorothy Brown certifies she served them. Absolutely. Okay, so it's all on the same page. But we have the same situation in central states trucking, and that was... No, on central states, there was no name on the summons, no defendant's name on the summons. The defendant's name was in the certificate of mailing, the same place it was in on this particular... Yeah, but that was a two-page... That's the case where it was a two-page document. And I think in central states, there was no name dependent on the complaint, was there? She was also not named in the complaint. Right, but here we do have the actual names, don't we? We have Warshian's name in the certificate of mailing. No, but don't we have it on the complaint? There was no problem with it. That's correct. Okay, so it is a little different than central states. Well, wait, but the central states holding was twofold. Number one, that under 3-103, the summons did not meet the mandatory requirements for its failure to comply with the Illinois Supreme Court rules. And secondly, that the complaint also had to fail for failure to name a mandatory party. So the twofold basis of the ruling is still just as applicable here. So we would ask this Court to go ahead and inform... I'm sorry. No, I'll just... I didn't mean to interrupt, but I have a question about this issue about the necessary parties. Yes. As I asked counsel when he stepped up originally, he said, yes, Warshian is a necessary party. However, in the brief, it seems to imply and infer that maybe Warshian isn't a necessary party. And in fact, at the trial level, there's some argument that Warshian and Degrassi aren't necessary parties, and they don't even have to respond to the petition. Can you address that? Yes. So the administrative review law states that there are necessary parties to a case, including the administrative review board that issued whatever opinion is being addressed, and all of the... in the case of the zoning board appeal, all of the applicants for the variance that was granted or denied. So in this case, we have Warshian and the corporation are now listed as co-applicants for the variance that was granted by the zoning board. Warshian was actually made a co-applicant during the hearing. So the application was actually amended at that time. So she is a necessary party. What's a bit quirky about it is that even though they're necessary parties, Warshian and the corporation that actually built the property are not necessarily allowed to file briefs without leave of court. So even though they're necessary parties, that they must be given notice, they must be named in the complaint, they must be served with summons, they don't have an active role with absent leave of court in any administrative review proceeding for the zoning board. So that's typical of any case. So it's not unusual that Ms. Warshian would or would not have participated. And of course, the corporation elected to participate and actually did... I'm sorry, one of the individual managers of the corporation filed a brief. So we would ask this court to affirm the trial court's decision to dismiss the case with prejudice based on the central parking decision and for the reasons we've outlined here today. Thank you. Thank you. Mr. Ruskin, final word. Thank you. I just wanted to follow up on this issue with central states. And the various cases. And as I said earlier, there are a number of cases that deal with this scenario, but they're all a little bit different. I think actually this is a case of first impression. I don't think there's any other reported case where there's this technical error that the defendant's name was not in the caption but is still on the face of summons. I haven't seen any case. It is a huge distinction for obvious reasons, mostly because the cases where, like Arch Bay, which is cited by the defendants, which is I think what Justice McBride was referring to, where the names of the defendant, the actual defendant and the other defendants, are on a separate page. They're on a page to go to the process server and don't actually get to the defendant. That's very different from the situation we have here. Whether it's a certificate of mailing or not, it's on the face of the summons, her name was. Arch Bay was distinguished and very different. Instructive still, though, because it talked about the necessity of having the name on the face of the summons. So it's helpful in that regard. But in that case, the name wasn't on the summons at all. It was on a different page. The Central States case is even more different because in that case they failed to name an actual partner, the director of the Department of Employment Security, which is a whole other issue under the Administrative Review Law. One we don't have here, because that one was a zoning board named, Laura Sheehan was named in the complaint. And also, it's good to remember, Laura Sheehan participated in the underlying hearing at the zoning board. This wasn't something new to her.  Maybe she didn't know it was going to be appealed, but she certainly was familiar with Sheila Lyon, the fact that... Well, they're next-door neighbors, aren't they? Very close neighbors, yes. And so her name was in the complaint, in the caption of the complaint, in the allegations of the complaint, very different from the Central States case. And we would ask Sheila Lyon, we would ask that you reverse the dismissal and allow her to continue with her Administrative Review. All right. Thank you, Mr. Ruskin, and Mr. Walsh. The case was well argued, well briefed. We'll take it under advisory until the court stands adjourned.